PER CUR.

The Court is of opinion, that the appellant, Margaret, is entitled to dower in all the slaves whereof her former husband, Richard Foote, was possessed at the time of his death, as the sale of any of them was not necessary for the payment of his debts; and, therefore, that the commissioners, appointed by the Court of Chancery to enquire whether more slaves were retained by the said Margaret than she was entitled to for dower, ought, •in the valuation of all the slaves of the said Richard Foote, which was made by them, to have ascertained the value of the widow’s third part of the said slaves, to have included *17 the value of the slave Lucy, said to have been appointed for, and delivered to Mrs. Alexander, the daughter of the said Richard, which they omitted to do: That an equal division of slaves, in number or value, is not always possible, and sometimes improper, when it cannot be exactly done without separating infant children from their mothers, which humanity forbids, and will not, be countenanced in a Court of Equity: so, that, a compensation for excess must, in such cases, be made and received in money: And, that under all the circumstances of the present case, as stated in the proceedings in this cause, between children and parents, a new division of the slaves of the said Richard Foote, ought not, after such a length of time, for a small excess, to have been ordered; especially as the whole of the dower slaves, with their increase, will belong to the appellees on the death of the said Margaret, their mother; so, that only a reformation of that which was wrong ought to have been decreed, and a return or delivery of a part of the slaves to the value of the excess, if that could be properly done; accounting, also, for profits, as usual in such cases, or, if that could not have been properly done, then a satisfaction in money, or in payment of interest for the amount of such excess, should have been directed: That the commissioner be directed to correct the error in the valuation of the whole slaves of the said Richard Foote, by adding thereto the value of the slave Lucy, and in case an excess shall then appear, to report whether the same can be rectified by a delivery of one or more of the dower slaves retained by the said Margaret, to the appellee, to the value of the excess; and, if that can be reasonably done, then they are to name the slave or slaves, and the appellants to be decreed to deliver to the appellees such slave or slaves, and account for profits from the time the appellees were entitled to the possession of their respective shares of the slaves of the said Richard Foote; or, if the excess cannot he restored or rectified in that manner, then, that a compensation in money be decreed to the appellees:* That the claim of the appellants to one-third of the money received from the estate of — Grayson, for land sold by the said Richard Foote, in his life-time, and charged by the appellant, J. T. Fitzhugh, to the estate of the said Richard, in the year 1784, should not be allowed,† unless *18 the appellants can prove themselves entitled to it under some contract or agreement with the parties interested, that the same should be paid to them in lieu of the dower of the said Margaret, in the land so sold by the said Richard Foote, and that the said account be rectified accordingly: That so much of the said decree as is declared to he erroneous, be reversed, and the residue be affirmed; and, that the cause be remanded to the High Court of Chancery for further proceedings to be had therein, according to the principles of this decree.

[* Sheppard's ex'r. v. Starke et ux. 3 Munf. 29.]

[† See Herbert et al. v. Wren et ux. et al. 7 Cranch, 370.]